IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE MANQUAN YARCLAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | No. CIV-21-1159-R |
| ) | |
| JOSEPH MICIELI, Acting Warden, ) | |
| ) | |
| Respondent. ) | |

# ORDER

Before the Court is Jesse Manquan Yarclay's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1). The matter was referred to Magistrate Judge Shon T. Erwin's in accordance with 28 U.S.C. § 636(b)(1)(B). On December 29, 2021, Judge Erwin filed his Report and Recommendation in which he recommends the Court dismiss *sua sponte* Mr. Yarclay's petition. Doc. No. 6. Petitioner has timely filed his objection [Doc. No. 7], giving rise to the Court's obligation to review this matter *de novo*. The Court finds as follows:

Petitioner requests the Court reinstate him into the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP" or "the Program") at FCI El Reno, from which he believes he was arbitrarily removed. Doc. No. 1 at 2. The RDAP is a volunteer drug abuse treatment program that, upon successful completion, enables the BOP, at its discretion, to reduce the sentence of a prisoner convicted of a nonviolent offense. *See Brown v. Hudson*, No. 21-3042-JWL, 2021 WL 843236, at * 2 (D. Kan. Mar. 5, 2021). Prisoners are informed at the outset of the Program that early release is not guaranteed. *Id*.

Mr. Yarclay claims that he was retaliatorily removed from the Program because his mother emailed a complaint to the BOP regarding an RDAP instructor's use of a racial slur.[1] Doc. No. 1-1; Doc. No. 1 at 6–8. Petitioner contends his removal from the Program caused him to forfeit the opportunity to transfer to a halfway house on December 8, 2021 [Doc. No. 1 at 9], and, ultimately, to lose his early release date of June 2022. Doc. No. 7 at 1. He is currently scheduled for release March 11, 2023.[2] The crux of Mr. Yarclay's argument is that the alleged retaliatory nature of his removal from the RDAP violated his Fifth and Fourteenth Amendment rights to due process and equal protection under the laws. Doc. No. 1 at 9. He further contends that the Court should waive his failure to administratively exhaust his claim because his scheduled transfer to a halfway house has already passed and that any administrative action would thus be futile. *Id*. at 3.

Judge Erwin recommends the Court construe the petition as a *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claim. Doc. No. 6 at 2. He reasons Petitioner is ultimately challenging not the length of his confinement, but the nature and conditions of his imprisonment. *Id*. Regardless of the classification of Petitioner's claim, Judge Erwin concludes that the Court should *sua sponte* dismiss Mr. Yarclay's claim because he has failed to exhaust his administrative remedies. *Id*. at 4.

Petitioner objects that his claim is not about the conditions of his confinement, but about the BOP retaliatorily changing his release date from June 2022 to March 2023. Doc.

---

[1] The instructor allegedly compared a racial slur with a derogatory term for people diagnosed with dwarfism. Doc. No. 1-1.

[2] BOP Prisoner Search, https://www.bop.gov/mobile/find_inmate/byname.jsp (accessed January 18, 2022).

2

No. 7 at 1. He therefore reasons that he has properly filed a habeas petition pursuant to § 2241. Doc. No. 7 at 1. Further, Mr. Yarclay argues that because he was allegedly retaliated against, any attempt to fulfill the administrative exhaustion requirements with those who retaliated against him would be futile. *Id*. Additionally, he contends pursuing an administrative grievance would "foreclose the efforts I have at relief" because his halfway house transfer date has already passed, and any delay from exhausting the administrative process could effectively stall his claim until his currently scheduled release date. *Id*.

As an initial matter, Plaintiff is adamant that his claim is a § 2241 habeas petition, not a *Bivens* claim. Although the Court is required to construe a *pro se* litigant's arguments liberally, Petitioner is the master of his own case. Because Mr. Yarclay states clearly that he is seeking habeas relief and not a *Bivens* claim, the Court will construe his petition as such and evaluate his claim as a habeas petition pursuant to § 2241.[3] The Court therefore finds the habeas petition is challenging the length of Mr. Yarclay's confinement, namely the BOP's decision to change Petitioner's release date from June 2022 to March 2023 after allegedly improperly removing him from the RDAP.

A district court may *sua sponte* dismiss actions based on failure to exhaust administrative remedies in the "rare cases" in which "it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Lax v. Corizon Med. Staff*, 766 F. App'x 626, 628 (10th Cir. 2019) (quoting *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)).

---

[3] However, to the extent the claim could be construed as a *Bivens* claim, the Court adopts Judge Erwin's Report and Recommendation denying relief because Mr. Yarclay has failed to properly exhaust his administrative remedies.

> To pursue a § 2241 petition, a prisoner must demonstrate he has exhausted all administrative remedies. And before filing a petition, the prisoner must first attempt to resolve his concern informally, followed by administrative grievances at the institutional, regional, and national levels of the Bureau of Prisons (BOP).

*Payne v. Maye*, 525 F. App'x 854, 855 (10th Cir. 2013) (citation omitted); *See* 28 C.F.R. §§ 542.13–18. Here, Petitioner has openly stated he has not exhausted his administrative remedies. Accordingly, Mr. Yarclay must demonstrate that exhaustion would have been futile to avoid the dismissal of his petition. *Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005).

Petitioner argues it would be futile for him to pursue administrative remedies with the BOP for two reasons. First, he contends that because his scheduled transfer date to a halfway house has already passed, the administrative grievance process would be used by the BOP as a stalling action that would in effect nullify his attempt to secure an earlier release date. Doc. No. 7 at 2. Second, he alleges the prison administration is retaliating against him for his mother's complaint, and therefore he cannot expect a fair adjudication of his grievance from his facility. Doc. No. 5 at 3.

As to his first argument, Petitioner has cited no authority where a prisoner's failure to exhaust his administrative remedies was waived because his projected transfer date to a halfway house had passed. *See Reyes v. Ledezma*, No. CIV-09-83-M, 2009 WL 1362606, at *3 (W.D. Okla. May 14, 2009) ("The expiration of Petitioner's projected [RDAP] 'early release' date does not excuse him from exhausting administrative remedies."). Early release based upon completion of the RDAP program is at the discretion of the BOP, and a "prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has

4

no liberty interest in discretionary early release for completion of RDAP." *Standifer v. Ledezma*, 653 F.3d 1276, 1279–80 (10th Cir. 2010) (citations omitted). Therefore, the Court sees no reason why the changing of Petitioner's transfer and release dates, which were at the discretion of his facility's administration, should excuse his failure to exhaust his administrative remedies.

Turning to Mr. Yarclay's second argument, the Tenth Circuit has found Petitioner needs to demonstrate administrative rules that would categorically deny him relief in the grievance process. *Brown v. Wands*, 463 F. App'x 806, 808 (10th Cir. 2012). Absent such rules, Mr. Yarclay must show, even if his facility's administration would not be likely to provide him with a fair grievance process, that he could not receive a fair adjudication at the regional or national level. *Id*. Petitioner has provided only conclusory allegations that he could not receive a fair grievance process at his facility, which, even if taken as true, do not present any reason as to why his administrative claims would not be fairly heard upon regional or national review. *See Garza v. Davis*, 596 F.3d 1198, 1204 (10th Cir. 2010) (finding that the availability higher level review precludes the argument that exhaustion is futile because a local prison administration was allegedly biased against a § 2241 petitioner). Accordingly, the Court finds that it would not have been futile for Petitioner to pursue administrative remedies, and thus the Court will not waive his failure to exhaust those remedies. Consequently, the Report and Recommendation is ADOPTED, and the Court DISMISSES WITHOUT PREJUDICE Mr. Yarclay's Petition for Writ of Habeas Corpus.

IT IS SO ORDERED this 20th day of January 2022.

*/s/ David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE